IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE M. DAVILA, #1303980, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-0005-M-BK |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

In 2005, Petitioner was convicted of murder and sentenced to twenty years' imprisonment. *State v. Davila*, No. F03-50710 (Criminal District Court No. 5, Dallas County, May 6, 2005), *aff'd*, No. 05-05-00830-CR, 2006 WL 1680857 (Tex. App. -- Dallas, Jun. 20, 2006, pet. stricken). Petitioner unsuccessfully sought state habeas relief. *See Ex Parte Davila*, No. WR-82,048-01 (Tex. Crim. App. Sep. 24, 2014) (denying state habeas relief); *See Ex Parte Davila*, No. WR-82,048-02 (Tex. Crim. App. Dec. 10, 2014) (same).[1] On January 5, 2015, almost ten years after he was first convicted, Petitioner filed this federal petition challenging his conviction. [Doc. 1 at 2]. He challenges his warrantless arrest and the admission of his written

---

[1] The dates listed were verified through information available on the state court Internet web pages (Dallas County and the Texas Court of Criminal Appeals (TCCA)) and the electronic state habeas record obtained through the TCCA.

confession, and claims a deprivation of a protected liberty interest in previously earned good time credits as a result of the denial of parole. [Doc. 1 at 6-10].

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. See 28 U.S.C. § 2244(d); Kiser v. Johnson, 163 F.3d 326, 328-329 (5th Cir. 1999). As this federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period. [Doc. 8, Doc. 10].

Petitioner's first claim is clearly timed barred. His conviction became final under Section 2244(d)(1)(A) in November 2006 when the Texas Court of Criminal Appeals struck his petition for discretionary review for noncompliance. Moreover, Section 2244(d)(1)(B)-(D) is inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his first claim, does not base his first claim on any new constitutional right, and the facts supporting his first claim became or could have become known prior to the date on which his conviction became final. Additionally, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he signed his second state application (which raised his first claim) almost seven years after the one-year period had expired.[2] *See* Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired).

---

[2] The second state application is deemed filed on October 1, 2014, the date on which Petitioner signed it and most likely handed it to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 578-579 (5th Cir. 2013) (prison mailbox rule applies to state habeas application).

Likewise, Petitioner's second claim, which stems from the denial of parole, is barred by the one-year limitations period.  Under section 2244(d)(1)(D), Petitioner could have discovered the factual predicate of this claim on May 1, 2013, when he learned of the April 17, 2013 parole denial.[3]  [Doc. 10 at 4].  Thus, the one-year limitations period began running at the latest by May 2, 2013, and expired one year later on May 1, 2014.  Petitioner is not entitled to statutory tolling under Section  2244(d)(2) because he signed his first state application (which raised the parole denial claim) almost two months after the one-year period had expired.[4]  See Scott, 227 F.3d at 263.

Accordingly, the federal petition deemed filed in this cause on December 30, 2014, is clearly outside the one-year statute of limitations, absent equitable tolling.[5]

Petitioner does not request equitable tolling.  [Doc. 10].  Nevertheless, his filings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling.  Lawrence v. Florida, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.").  Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the

---

[3] *See* Parole denial information on the Texas Department of Criminal Justice's website, under Offender Information.
[4] The first state application is deemed filed on June 29, 2014, the date on which Petitioner signed it and most probably handed it to prison officials for mailing. *See* Richards, 710 F.3d at 578-579.
[5] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court deems the federal petition filed on December 30, 2014, when Petitioner signed the same.  [Doc. 1 at 13].

applicant must diligently pursue . . . [habeas] relief."). Furthermore, Petitioner's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Lastly, Petitioner argues that Section 2244(d)'s limitations period violates the Suspension Clause. [Doc. 10 at 2, 5]. However, his argument is foreclosed by circuit precedent. Because the one-year limitations period only alters the procedure for bringing a habeas petition, it does not unconstitutionally suspend the writ. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (the AEDPA one-year limitations period does not violate the Suspension Clause unless it "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention."); *Turner v. Johnson*, 177 F.3d 390, 392-393 (5th Cir. 1999) (same). Here, Petitioner does not show how the limitations period rendered the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a timely federal petition. *See Madden v. Thaler*, No. 3:10-CV-1461-B-BK, 2011 WL 2162910, at *6 (N.D. Tex. May 9, 2011) (rejecting Suspension Clause argument), recommendation adopted, 2011 WL 2164154 (N.D. Tex. June 2, 2011), *aff'd*, 521 F. App'x 316 (5th Cir. 2013). Moreover, while the one year limitations period might raise serious constitutional questions where it forecloses the opportunity for habeas relief for one who is actually innocent of the crime for which he was convicted, Petitioner has not claimed actual innocence. *Molo*, 207 F.3d at 978; *see also McQuiggin v. Perkins*, ––– U.S. –––, 133 S. Ct. 1924, 1928 (2013) (noting that actual innocence may provide "a gateway through which a

petitioner may pass" when the limitations period has elapsed, but that "tenable actual-innocence gateway pleas are rare.").

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED March 19, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE