IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE M. DAVILA, #1303980,<br>    Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>    Respondent. | §<br>§<br>§<br>§    USDC 3:15-CV-0005-M-BK<br>§    USCA 15-10536<br>§<br>§<br>§<br>§ |

MEMORANDUM OPINION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the District Judge's order filed on August 27, 2015, this case was referred to the United States Magistrate Judge following the August 14, 2015 remand from the United States Court of Appeals for the Fifth Circuit to determine whether Petitioner delivered his notice of appeal to prison officials for mailing on or before May 8, 2015.  Doc. 21; Doc. 22.

I.

On April 8, 2015, the District Judge accepted the findings conclusions and recommendation of the undersigned Magistrate Judge and entered judgment dismissing this petition for writ of habeas corpus as barred by the one-year statute of limitations.  Subsequently, on June 8, 2015, the United States Court of Appeals for the Fifth Circuit received a letter from Petitioner requesting *Leave for Certificate of Appealability*, which was addressed to the Court of Appeals and purportedly executed a month earlier on May 8, 2015 -- the last day for filing a timely notice of appeal.  Doc. 16 at 1-5.  Along with the letter, Petitioner submitted a pleading titled *In Support of Leave for Certificate of Appealability In FormPauperis*, which also indicated that it was executed on May 8, 2015.  Doc. 17.  The Court of Appeals transmitted both pleadings

to this Court to be treated as Petitioner's notice appeal received on June 8, 2015.  Doc. 16-1 at 1. Later, on August 14, 2015, the Court of Appeals remanded the case for determination of whether Petitioner had, in fact, delivered the notice of appeal to prison officials for mailing on or before May 8, 2015.  Doc. 21.

      Following the limited remand, this Court twice ordered the Texas Department of Criminal Justice (TDCJ), where Petitioner is confined, to submit those portions of the Dallhart Unit's prisoner mail logs, for the period between April 9, 2015, and June 8, 2015, reflecting any outgoing legal mail deposited by Petitioner.  Doc. 23; Doc. 29.  In response to the second order, Jennifer Smith, a TDCJ mail-system coordinator, attested that the envelope used to mail the notice of appeal in this case was handed to prison officials for mailing on May 20, 2015 (twelve days after the May 8, 2015 deadline) by inmate Curley Boykin #1774868, and not by Petitioner Jose Davila.  Doc. 30 at 1, 10.  She further averred that the envelope was returned as undeliverable to the prison by the United States Postal Service on May 29, 2015.  Doc. 30 at 1, 10.  The supplemental mail log and copy of the original envelope in which the notice of appeal was mailed (the latter was received from the Court of Appeals) confirm Ms. Smith's declaration.  Doc. 30 at 48; Doc. 16-2 at 1.

      Additionally, neither the initial nor supplemental mail log provided by the prison reflects <u>any</u> legal mail deposited by Petitioner and addressed to the Fifth Circuit Court of Appeals between April 9 and June 8, 2015.  Doc. 26; Doc. 30.  And while the logs indicate Petitioner handed prison staff out-going legal mail addressed to this Court on April 20, 2015, the docket sheet in this case reflects that no pleading or correspondence from Petitioner was docketed in the District Court for the Northern District of Texas between April 20 and June 8, 2015.  Doc. 26 at 14; Doc. 30 at 24.

2

The Court granted Petitioner an opportunity to provide a sworn statement indicating the date he first delivered to prison staff for mailing his notice of appeal. In his response, he attests: "he first delivered to prison staff for mailing his leave for certificate of appelability dated May 8, 2015, is correct." Doc. 28 at 1.

## II.

No evidence, including the prison's out-going legal mail logs, corroborates Petitioner's assertion that he handed his notice of appeal to prison officials for mailing on May 8, 2015. Thus, the Court finds Petitioner's statement is not credible. On the other hand, both the supplemental mail log provided by prison officials and the copy of the original envelope received from the Court of Appeals confirm that the notice of appeal was first mailed by Inmate Curley Boykin #1774868 on May 20, 2015, and not by Petitioner Davila. Doc. 30 at 48; Doc. 16-2 at 1.

Accordingly, the Court finds that Petitioner did not deliver his notice of appeal to prison officials for mailing on or before May 8, 2015, the last day for filing a timely notice of appeal.

SIGNED December 1, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE